Matter of Eustis (2019 NY Slip Op 06491)





Matter of Eustis


2019 NY Slip Op 06491


Decided on September 11, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
COLLEEN D. DUFFY, JJ.


2019-04511

[*1]In the Matter of Polly Eustis, an attorney and counselor-at-law, respondent. (Attorney Registration No. 1293646)



APPLICATION pursuant to 22 NYCRR 1240.10 by Polly Eustis, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on October 5, 1976, to resign as an attorney and counselor-at-law.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Anna Stern, Brooklyn, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The respondent, Polly Eustis, has submitted an affidavit
sworn to on April 23, 2019, in support of her application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10).
The respondent acknowledges in her affidavit that she is the subject of an investigation conducted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts involving allegations of professional misconduct, including misappropriating down payment funds from a real estate transaction, which were entrusted to her as a fiduciary, incident to her practice of law, by loaning said funds to another client; failing to safeguard funds entrusted to her as a fiduciary, incident to the practice of law, by depositing said funds into a non-escrow account; engaging in a pattern and practice of rounding up to the nearest $5 when disbursing funds from her escrow account to herself, as legal fees or reimbursements; and improperly labeling her escrow account and escrow account checks. The respondent attests that she cannot successfully defend against the allegations based upon the facts and circumstances of professional conduct as described. The respondent acknowledges that her resignation is freely and voluntarily tendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking her name from the roll of attorneys and counselors-at-law.
The respondent acknowledges that she misappropriated or misapplied money or property in the practice of law, but states that she repaid said money in the amount of $19,655.52 to William Taylor and Elisha Goldstein. She further acknowledges that she failed to safeguard money entrusted to her, but states that she has remitted said money to Ralph Madduluno in the amount of $500,000, and to Antonia Daly in the amount of $225,000. Lastly, she acknowledges that for the past 15 to 20 years, her practice was to round up to the nearest $5 when disbursing funds from her escrow account to herself, as legal fees or reimbursements. The purported purpose of this practice was to easily track disbursements to herself from her escrow account. The respondent attests that [*2]"[w]hen [she] overpaid [her]self pursuant to this practice, the excess was covered by a reserve in [her] escrow account, made up of [her] funds, and/or [she] refunded [her] escrow account."
The respondent acknowledges that her resignation is submitted subject to any future application that may be made by a Grievance Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing her to make restitution or reimburse the Lawyers' Fund for Client Protection, and that she consents to the continuing jurisdiction of the Appellate Division to make such an order.
In addition, the respondent acknowledges and agrees that, pending the issuance of an order accepting her resignation, she shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which she has access, other than for the payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event that this Court accepts her resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including the affidavits, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the respondent's application to resign be granted.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and DUFFY, JJ.,concur.
ORDERED that the application of the respondent, Polly Eustis, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Polly Eustis, is disbarred and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Polly Eustis, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Polly Eustis, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Polly Eustis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court